IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ANTHONY MCKINNEY,**                )
                                                                    )
                            Plaintiff,                        )
                                                                    )
V.                                                                 )           Civil No.  **05-346-GPM**
                                                                    )
**UNITED STATES OF AMERICA,**               )
                                                                    )
                            Defendant.                      )

## ORDER

**PROUD, Magistrate Judge:**

Plaintiff has filed a document captioned "Denied Access to Court," which the Court construes as a motion for a court order directing the wardens at USP Marion and USP Florence to allow plaintiff access to his legal papers and materials, and otherwise provide him with whatever materials are necessary to afford him unfettered access to the courts. **(Doc. 13).** Plaintiff actually filed a single "motions" in three cases in this district– this case, 05-344 and 05-345.

As a preliminary matter, the Court notes that the United States is the only defendant to this federal tort claim for the alleged loss of property, not the warden of either penitentiary. Therefore, the Court does not have personal jurisdiction over either warden.  In addition, it is observed that plaintiff is currently housed at USP Florence.  In any event, it could be argued that the wardens are acting as agents of the defendant, and they are acting in concert, with the warden at USP Marion having retained plaintiff's legal papers before he was transferred to USP Florence.

Plaintiff asserts that he has been denied access to his legal papers and materials, that

1

some of those papers have been thrown out, legal documents have not been mailed, "legal" calls to the Court and others have been denied, legal materials requested from the law library have been denied, and as a result he cannot properly prepare his pending cases.  Plaintiff has not specifically detailed what has happened to prejudice him in this specific case.  The denial of access to the prison law library or other legal materials is not itself a violation of the First Amendment right to access the courts.  ***Marshall v. Knight***, **445 F.3d 965, 968 (7th Cir. 1006).**  Moreover, one's access to the courts cannot be violated unless a potentially meritorious action has been prejudiced.  ***Id.***  In this case, the Court only completed its threshold review pursuant to 28 U.S.C. § 1915A on October 12, 2006, so the case has in effect been stayed since its filing and is only now in the service phase.  Therefore, the Court cannot fathom any possible prejudice in this case.

**IT IS THEREFORE ORDERED** that plaintiff's motion **(Doc. 13)**, insofar as it relates to this particular case**,** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED: October 24, 2006**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**